# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## Jacksonville Division

## Civil Rights Complaint Form

Darrell Wayne Butler 419331,
    Plaintiff,

vs.

Julie L. Jones Sec. of FDOC,
William B. Blitch c/o Captain,
John Doe Tomlin c/o Sergeant,
R. Lee c/o Sergeant,
John Doe Butler c/o Sergeant,
Sued in their individual capacities,
and sued in their official capacities,
Defendants.

Declaration of
Darrell W. Butler
Civil Action
No: 3:18-cv-293-J-32JRK

Jury Trial Demanded

LEGAL MAIL
Provided to Florida State Prison on
2/22/18 for mailing by _____.

2018 FEB 26 PM 2:32
FILED

## Answer All Of The Following Questions:

I. Place of Present Confinement: Florida State Prison Post Office Box 800 Raiford, Florida 32083 or 7819 N.W. 228th Street Raiford, Florida 32026.

II. Exhaustion of Administrative Remedies: Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any Prison, jail, or detention center. 42 U.S.C. § 1997 e(a). Plaintiff is warned that any claim for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.
Note: Plaintiff has exhausted all administrative remedies with respect to all claims. But Florida State Prison grievance system is inadequate, unfair or futile. Prison officials failed to process, provide log numbers, receipts, and responses/grievances filed at institutional level for informal filed October 23, 2017 and formal filed November 20, 2017.

1. On October 23, 2017 Plaintiff filed his informal grievance complaint within the 20 calendar day timeframe after the incident occurred by handing it to the grievance collector for delivery to the grievance coordinator for processing, and Prison officials failed to follow the rule by responding within the 10 calendar day timeframe.
Prison officials failure to retort to Plaintiff grievances subjected the Plaintiff to be in non-compliance of the grievance rules under further review of his administrative remedies. Plaintiff was unable to attach his informal attachment to his formal.

1.

2. On November 20, 2017 at 8:38 AM the Plaintiff took the next step by obtaining a DC1-303 administrative remedy form with a valid or acceptable reason attached explaining why the Plaintiff was unable to attach his informal grievance and handed it to the grievance collector to be delivered to the grievance coordinator for processing, and the grievance was never processed, logged, receipted nor responded to by Prison officials within the allotted timeframe.

3. On December 19, 2017 at 8:45 AM the Plaintiff took step 3 by obtaining a DC1-303 administrative remedy form stating the complaint providing a valid or acceptable reason within Part A why the administrative remedy did not have both attachments. Placed the administrative remedy into the hands of the grievance collector to be delivered to the grievance coordinator and within 10 calendar days the Office of the Secretary date stamped their response on 12-29-2017, mailed it back to the Plaintiff on 1-3-2018 and the Plaintiff received it on 1-8-2018 stating returned without action for being in non-compliance because the grievance did not contain the attachments of the formal, informal grievances which the Plaintiff could not attach because the Prison officials failed to return both grievances to the Plaintiff. See administrative remedy at Exhibit A attached.

4. On January 11, 2018 at 9:34 AM the Plaintiff filed a Grievance of Reprisal to the Warden of the institution in regards to Prison officials obstructing and hindering the Plaintiff from exhausting his administrative remedy's and such grievance was responded to and approved as well as returned to the Plaintiff within the timeframe. Refer to Exhibit B to aid illustrate and support of Plaintiff facts attached.

5. Also on January 11, 2018 at 9:34 AM the Plaintiff re-submitted his original informal grievance complaint regarding Use of Force to the appropriate Security department and again the Prison officials in the security department failed to respond to the Plaintiff grievance within 10 calendar days. See Exhibit E.

6. On January 17, 2018 the Plaintiff seeked aid by submitting a complaint letter to the United States Courthouse in Jacksonville in regards to Prison officials obstructing the Plaintiff pursuit of administrative exhaustion and the Plaintiff received no retort from the court. Refer to Exhibit C to aid illustrate and support the Plaintiff facts attached.

7. On January 22, 2018 at 8:49 AM the Plaintiff handed the grievance collector an appeal to the Wardens office and the grievance appeal was denied. Grievance coordinator claimed they did not receive my formal, informal grievances regarding Use of Force filed on both dates November 20, 2017 and October 23, 2017. See grievance log number 1801-205-236 at Exhibit D attached.

8. On January 23, 2018 at 8:47 AM the Plaintiff handed the Grievance Collector an appeal regarding his re-submitted informal grievance which Prison officials failed to respond to within the rule of 10 calendar days and the appeal was returned without action because the staff never responded to the inmate informal in order for the Plaintiff to attach. See Grievance log number 1801-205-248 at Exhibit E attached.

9. On January 29, 2018 at 8:25 AM the Plaintiff handed the Grievance Collector an appeal for administrative review at the Central Office level. On February 9, 2018 the Office of the Secretary responded by stating that the response that the Plaintiff received at the institutional level appropriately address the concerns the Plaintiff raised. The reason the Plaintiff provided in appeal log number 17-6-51407 was factual and Prison officials failed to respond to the Plaintiff grievances at the institutional level dated November 20, 2017, October 23, 2017 both grievances went unanswered and the Plaintiff was unable to provide both attachments to his formal filed December 19, 2017. See Grievance log number 18-6-04996 at Exhibit F attached.

10. Cases have recognized that when a prisoner asserts a grievance to which there is no response, and it is not recorded or assigned a grievance number, administrative remedies may be completely exhausted, as there is nothing on record for the next administrative level to review.

11. Prison officials cannot have it both ways - they cannot obstruct an inmate's pursuit of administrative exhaustion on the one hand and then claim the inmate by-passed levels and did not properly exhaust these remedies on the other. Once the Plaintiff hand over his grievances to the Grievance Collector he no longer has control as to what happens to that grievance thereafter. Plaintiff has completed exhausting all administrative remedys and informal grievances at Central Office and institutional levels. Copies has been provided as support that the Plaintiff have completed exhausting all remedies prior to filing this lawsuit.

III. Previous Lawsuits:

3.

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1. Parties to previous lawsuit:

      Plaintiff(s): _____ N/A _____

      Defendant(s): _____

   2. Court (if federal court, name the district; if state court, name the county):
      _____ N/A _____

   3. Docket Number: _____

   4. Name of judge: _____

   5. Briefly describe the facts and basis of the lawsuit: _____

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
      _____ N/A _____

   7. Approximate filing date: _____

   8. Approximate disposition date: _____

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: _____

N/A

IV. **PARTIES**: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Darrell Wayne Butler

   Mailing address: Post Office Box 800 Raiford, Florida 32083

B. Additional Plaintiffs: N/A

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Julie L. Jones

   Mailing Address: 501 South Calhoun Street,

   Tallahassee, Florida 32399-2500

   Position: Secretary of Department of Corrections

   Employed at: The Capitol PL of Tallahassee Florida

D. Defendant: John Doe Tomlin

   Mailing Address: Post Office Box 800

   Raiford, Florida 32083

DC 225 (Rev 2/2012)

5.

Position: Correctional Officer Sergeant

Employed at: Florida State Prison

E. Defendant: R. Lee

Mailing Address: Post Office Box 800

Raiford, Florida 32083

Position: Correctional Officer Sergeant

Employed at: Florida State Prison

F. Defendant: William B. Blitch

Mailing Address: Post Office Box 800

Raiford, Florida 32083

Position: Correctional Officer Captain

Employed at: Florida State Prison

G. Defendant: John Doe Butler

Mailing Address: Post Office Box 800

Raiford, Florida 32083

Position: Correctional Officer Sergeant

Employed at: Transferred to unknown facility

Statement of Claim:

V.
1. The illegal actions of defendant William B. Blitch allowing and permitting the plaintiff to be brutally beaten by his subordinates, and failing to intervene to prevent the excessive use of force done maliciously and sadistically constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

2. The illegal actions of defendant John Doe Tomlin acting under-color of state law by misusing excessive force against plaintiff by beating him in the face, head and left arm repeatedly with handcuffs. While the plaintiff was not violating any rules, nor acting disruptively in any way. Defendant Tomlin actions violated the plaintiff rights under the Eighth Amendment to the United States Constitution.

3. The illegal actions of defendant R. Lee acting undercolor of state law by beating the plaintiff with his naked fist to wantonly and intentionally inflict pain and great bodily harm upon the plaintiff. Defendant R. Lee actions violated the plaintiff rights under the Eighth Amendment to the United States Constitution.

4. The illegal actions of defendant John Doe Butler acting undercolor of state law by beating the plaintiff in the face with his naked fist. Defendant John Doe Butler actions violated the plaintiffs

rights under the Eighth Amendment to the United States Constitution.

VI. 5. Statement of Facts: The plaintiff Darrell W. Butler hereby declares he has been an incarcerated inmate at Florida State Prison, during the entire timeframe referenced herein. Additionally, he was housed in I-Wing of the aforementioned facility during the same timeframe.

6. On October 6, 2017 at about 3:45 PM defendant Blitch approached the plaintiff infront of the shower on the 1100 side of I-Wing. At which time defendant Blitch ordered plaintiff to submit to handrestraints for re-location to the medical clinic for placement on "SHOS" status.

7. Plaintiff Butler then advised defendant Blitch, he would submit to handcuffs immediately following his personal property being procedurally inventoried in the plaintiff presence. Prior to being separated from such. Defendant Blitch refused to honor the plaintiff advisement.

8. Defendant Blitch left and reappeared with a "Cell Extraction Team", opened the shower door and stood outside the shower and allowed and permitted his subordinates to utilize improper excessive physical, malicious and sadistic force to deliberately cause pain, serious harm,

8.

and extensive injury to the plaintiff.

9. During such unprovocatated assault defendant Blitch eye-witnessed he failed to cease his insubordinates from illegally beating the plaintiff with handcuffs and naked fist to which the plaintiff sustained large gashes, lacerations, permanent scarring to the face, scalp, etc. and numerous bruises and abrasions to his left arm.

## Misuse of Force

10. On October 6, 2017 defendant Tomlin spoke death threats of how he was going to beat the defendant prior to dressing up in riot gear. When defendant Tomlin entered the shower dressed in riot gear on the 1100 side he first began beating the plaintiff left hand and wrist with steel handcuffs. After the defendant Tomlin gained his way inside the shower he immediately started brutally beating the plaintiff in the face, scalp, with iron handcuffs which caused the plaintiff to sustain large gashes, and lacerations and the lost of much essence of life (blood).

11. On October 6, 2017 defendant R. Lee entered into the 1100 side shower wearing riot gear. Once he entered the shower he started beating the plaintiff in the face with his naked fist which caused the plaintiff to sustain a loose tooth and a large gash to the right side of the plaintiff right eye.

12. On October 6, 2017 defendant Butler was the lead officer wearing riot gear and holding a large shield. Defendant Butler applied physical pressure to gain entry inside the 1100 side shower, once he made his way into the shower he and the plaintiff ended up on top of the tile wall and the plaintiff observed the defendant Butler taking a punch at the plaintiff facial area with his naked fist. The defendant actions caused the plaintiff to sustain a blackeye.

13. On October 6, 2017 after the Use of Force occured defendants Blitch, Tomlin, R. Lee, and Sgt. Butler all escorted the plaintiff out of I-Wing down the corridor into the clinic for treatment to which the plaintiff refused treatment due to trauma, but requested for photos of his injuries and appearance. But the staff in medical and security denied the plaintiff request.

14. Thereafter, the defendants then escorted the plaintiff into the shower area inside the clinic and stripped searched the plaintiff then placed the plaintiff into "SHOS" cell A-1102.

15. Note: The practice of illegally beating inmates with handcuffs, is strictly forbidden, as well prohibited. Under what circumstances, if any, has our great nation come to accept corporal punishment as the means to justify an appropriate

end to verbal communications between staff and inmates?
Note: Should not, an inmate subjected to such abuses, seek just compensation for the physical harms inflicted by violent prison officials, through civil actions. Plaintiff seeks a finding, that prison officials acted undercolor of state law to wantonly and intentionally inflict pain and great bodily harm in their use of force against the plaintiff.

## VII. Relief Requested:

Plaintiff respectfully pray that this court enter judgement:

16. Granting Plaintiff Butler a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States and,

17. A injunction ordering defendants to cease their violent unbecoming criminal behavior towards inmates during acts of use of force. Cease defraud behavior.

18. Granting the Plaintiff compensatory damages in the amount of $100,000 against each defendant jointly and severally.

19. Granting the Plaintiff compensatory damages of $20,000 against defendant Blitch.

20. Plaintiff seeks punitive damages in the amount of $50,000. Plaintiff seeks these damages against each defendant, jointly and severally.

21. Plaintiff cost in this suit of $400.00.

22. Any additional relief this court deems just, proper and equitable.

11.

I declare under Penalty of Perjury that the foregoing is true and correct and that death threats have been made by staff Pertaining to this issue.

Executed at Florida State Prison, Raiford Florida, on ___22nd___ day of _February_ 2018.

*Darrell W. Butler 419331*

### IF Mailed By Prisoner:

I declare (or certify, verify, or affirm) under Penalty of Perjury that this complaint was (check one): ☐ delivered to Prison officials for mailing or ☐ deposited in the Prison's internal mail on: the _____ day of _____, 2018.

LEGAL MAIL
Provided to Florida State Prison on
2/12/18 for mailing by _____.

12.