# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DARRELL WAYNE BUTLER,

    Plaintiff,

v.                                                                                               Case No. 3:18-cv-293-J-32JRK

JULIE L. JONES, et al.,

    Defendants.

## **O R D E R**

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) (Complaint), under 42 U.S.C. § 1983. Plaintiff names five defendants: Julie L. Jones, Captain William B. Blitch, Sergeant John Doe Tomlin, Sergeant R. Lee, and Sergeant John Doe Butler, whom he sues in their official and individual capacities. See Complaint at 1, 5-6. Plaintiff asserts claims for for excessive use of force and failure to intervene, under the Eighth Amendment. Id. at 7-8. Specifically, he alleges that on October 6, 2017, Tomlin, Lee, and Butler, dressed in riot gear, beat him in the shower, causing physical injuries. Id. at 9-10. He asserts that Blitch "allowed and permitted" the beating and failed to intervene. Id. at 8-9. Plaintiff seeks damages and declaratory and injunctive relief. Id. at 11.

Pursuant to this Court's screening obligation under the Prison Litigation

Reform Act, a district court shall dismiss a complaint or any portion of a complaint if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(i)-(iii). With respect to whether a complaint "fails to state a claim on which relief may be granted," §§ 1915A and 1915(e)(2)(B)(ii) mirror the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. Of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's claims against Secretary Jones are due to be dismissed under this Court's screening obligation. First, with respect to Plaintiff's claim for damages against Jones in her official capacity, she is entitled to immunity under the Eleventh Amendment. See Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986). Second,

2

Plaintiff has failed to state a claim for relief against Jones. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

The only mention of Jones in Plaintiff's Complaint appears in the caption and in the section identifying the parties. See Complaint at 1, 5-6. Plaintiff names Jones simply in her role as Secretary of the Florida Department of Corrections because he filed grievances to her office complaining both about the alleged incident and his dissatisfaction with the grievance process. See Complaint Ex. A, C, D, E, F (Docs. 1-1, 1-3, 1-4, 1-5, 1-6). To the extent Plaintiff sues Jones to express his dissatisfaction with the grievance process at Florida State Prison or her office's responses to his complaints about the grievance process, Plaintiff has failed to state a claim for relief. See Bingham, 654 F.3d at 1177 ("[A] prison grievance procedure does not provide an inmate with a constitutionally protected interest.").

Furthermore, to the extent Plaintiff names Jones in her role as supervisor of the other named Defendants, Plaintiff's claim also fails. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in [her] individual

3

capacity for the actions of a subordinate is extremely rigorous." Id. Supervisor liability arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted).

> The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.' Alternatively, the causal connection may be established when a supervisor's 'custom or policy ... result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'

Cottone, 326 F.3d at 1360 (internal citations omitted). See also Reid v. Sec'y, Fla. Dep't of Corr., 486 F. App'x 848, 852 (11th Cir. 2012) (affirming summary judgment in favor of a defendant sued "only in his supervisory capacity" because the plaintiff asserted no allegations that the defendant participated in the action or that he was causally responsible for any violations). Plaintiff does not allege that Jones personally participated in the alleged incident, created or ratified a policy approving the excessive use of force against inmates, or directed the other named Defendants to use force against Plaintiff. See Complaint at 7-10. Indeed, Plaintiff includes absolutely no factual allegations as to Jones' actions or inactions with respect to the alleged excessive force incident for which he seeks relief. Because Plaintiff does not state a claim against Jones, the Court will dismiss her from this action.

4

Accordingly, it is

**ORDERED**:

1. Defendant Julie L. Jones is **DISMISSED without prejudice**.

2. The **Clerk of Court** is directed to terminate Defendant Jones from the docket.

3. The Court will enter a separate order directing service of process on the remaining named Defendants.

**DONE AND ORDERED** in Jacksonville, Florida the 8th day of May, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-6

c: Darrell Wayne Butler, #419331

5