## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**DARRELL WAYNE BUTLER,**
**DC #419331**

    Plaintiff,

**v.**                                            Case No.: 3:18-cv-293-J-32JRK

**WILLIAM BLITCH, et al.,**

    Defendants.
_____/

## MOTION FOR SUMMARY JUDGMENT

Defendants Blitch, Butler, Lee, and Tomlin through undersigned counsel and pursuant to Fed. R. Civ. P. 56, respectfully submit this Motion for Summary Judgment, and state:

### Preliminary Statement

Plaintiff is a *pro se* inmate who is presently incarcerated at New River Correctional Institution, P.O. Box 900, Raiford, Florida 32083. Plaintiff has filed a Complaint (Doc. 1) pursuant to 42 U.S.C. §1983 alleging his Eighth Amendment rights were violated because Defendants used excessive force against him. Plaintiff seeks a declaratory judgment, injunctive relief, compensatory damages ($100,000) and punitive damages ($50,000) as well as costs ($400) and any other relief this Court deems proper. (Doc. 1, p. 11)

1

## **Plaintiff's Allegations**

Plaintiff *alleges* in his Complaint (Doc. 1) the following:

On October 6, 2017, Defendant Blitch approached Plaintiff in front of the shower and ordered him to submit to hand restraints for placement in SHOS (Self-Harm Observation Status). (Doc. 1, p. 8) Plaintiff refused to submit to hand restraints until his personal property was inventoried in his presence. (Doc. 1, p. 8) Defendant Blitch summoned an extraction team to secure Plaintiff's compliance. (Doc. 1, p. 8) Plaintiff claims Defendant Blitch allowed his subordinates to use excessive force against him. (Doc. 1, p. 8) As a result, Plaintiff claims he sustained large gashes, lacerations, permanent scarring and numerous bruises and abrasions. (Doc. 1, p. 9)

Specifically, Plaintiff claims Defendant Tomlin beat him with handcuffs to get him to let go of the cell bars (Exhibit 1 – Deposition, p. 19, ln. 19-20) and then hit him in the face and scalp, causing a significant amount of blood loss. Plaintiff claims Defendant Lee beat him in the face with his fist, causing a loose tooth and a large gash to the right side of Plaintiff's right eye. (Doc. 1, p. 9) Plaintiff claims Defendant Butler also hit him in the facial area with his fist, causing him to sustain a black eye. Plaintiff refused medical treatment. (Doc. 1, p. 10) Plaintiff did not want to be touched by the nurse on shift at that time. (Exhibit 1 – Deposition, p. 12, ln. 24)

## STANDARD OF REVIEW

The party moving for summary judgment bears the initial burden of demonstrating an absence of evidence to support the nonmoving party's case. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986). Upon meeting this burden, the burden shifts to the nonmoving party to present evidentiary material demonstrating that a genuine issue of material fact exists. Id. at 324. Applicable substantive law identifies those facts that are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Factual issues must have a real basis in the record to be considered genuine and the nonmoving party must show more than a "metaphysical doubt" regarding the material facts. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Although all reasonable inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party, a court need not permit a case to go to a jury when the inferences drawn from the evidence and upon which the nonmoving party relies are 'implausible.' Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted). A mere "scintilla" of evidence in support of the nonmoving party's position is not sufficient; there must be evidence upon which a jury could reasonably find for the nonmoving party. Anderson, 477 U.S. at 252; see also Matsushita, 475 U.S.

at 587 (there is no genuine issue for trial if the record taken as a whole would not lead a rational trier of fact to find in favor of the non-moving party).

## I. Defendants are entitled to Qualified Immunity because they were performing discretionary functions.

The Defendants assert qualified immunity, which protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Whittier v. Kobayashi, 581 F.3d 1304, 1307 (11th Cir. 2009). To receive qualified immunity, an official must first establish that he was engaged in a discretionary function when the allegedly wrongful acts occurred. Id.

If the official was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to show that the official is not entitled to qualified immunity. Crosby v. Monroe Cnty., 394 F.3d 1328, 1332 (11th Cir. 2004). In order to carry that burden, "the plaintiff must show two things: (1) defendant has committed a constitutional violation and (2) the constitutional right the defendant violated was 'clearly established' at the time he did it." Id. Defendants were clearly performing discretionary functions. Defendants committed no constitutional violation and no violation of any clearly established constitutional right.

As an incarcerated inmate, Plaintiff had no clearly established constitutional right to be free from the legitimate use of force. Section 944.35, Florida Statutes, provides that the use of force by employees of the Florida Department of Corrections is authorized to prevent damage to property, to quell a disturbance, to overcome physical resistance to a lawful command. Specifically, §944.35, Florida Statutes, provides:

> 944.35   Authorized use of force; malicious battery and sexual misconduct prohibited; reporting required; penalties. —
>
> (1)(a)   An employee of the department is authorized to apply physical force upon an inmate only when and to the extent that it reasonably appears necessary:
>
> 1.   To defend himself or herself or another against such other imminent use of unlawful force;
> 2.   To prevent a person from escaping from a state correctional institution when the officer reasonably believes that person is lawfully detained in such institution;
> 3.   To prevent damage to property;
> 4.   To quell a disturbance;
> 5.   To overcome physical resistance to a lawful command;

Here, Plaintiff refused a lawful command to submit to hand restraints. As a result, an extraction team was called to obtain Plaintiff's compliance. Defendants committed no constitutional violation and violated no constitutional right of the Defendant which was clearly established. Therefore, they are entitled to qualified immunity.

## II.     Plaintiff fails to establish an Eighth Amendment violation.

In a prison setting, force is deemed legitimate under the Eighth Amendment so long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986.) "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Hudson v. McMillian, 503 U.S. 1,6, 112 S. Ct. 995, 998, 117 L.Ed.2d 156 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 1085 L.Ed.2d 156 (1986).

A variety of factors are considered in determining whether the force was applied maliciously or sadistically, including the extent of injury, the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used. Hudson v. McMillian, 503 U.S. 1 (1992). Here, there is no evidence that the force used was applied "maliciously and sadistically for the very purpose of causing harm." Rather, the force used was applied to obtain Plaintiff's compliance with lawful orders given to him. (Exhibit 2 – Reports) The force used against Plaintiff was authorized by §944.35, Florida Statutes, as evidenced by the documentary evidence and the audio and video recordings of this incident. (Exhibit 3 – Recordings)

### III. Plaintiff has failed to demonstrate a "physical injury" sufficient to state a claim for compensatory and punitive damages.

Plaintiff has presented no medical records, physical evidence, or witness statements reflecting he suffered any injury more than a *de minimis* injury on October 6, 2017. Self-serving statements by a plaintiff do not create a question of fact in the face of contradictory, contemporaneously created medical records. See, e.g., Bennett v. Parker, 898 F.2d 1530 (11th Cir.1990). Because Plaintiff did not experience any physical injury more than a *de minimis* injury, he is not entitled to compensatory or punitive damages.

Even if Plaintiff could prove a constitutional violation for excessive use of force, any request for compensatory and punitive damages pertaining to Plaintiff's claims would be precluded by 42 U.S.C. §1997e(e). "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e).

The Eleventh Circuit is in accord that, under 42 U.S.C. §1997e(e), compensatory and punitive damages are unavailable in the absence of a physical injury. See Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007); Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) ("compensatory damages under §1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the

constitutional rights that the defendant violated.") The physical injury requirement applies to all federal claims, including constitutional claims. Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000).

Plaintiff is not entitled to compensatory or punitive damages because there is no evidence of any physical injury more than a *de minimis* injury. See Parker v. Dubose, No. 3:12cv204/MCR/CJK, 2013 WL 4735173, at *2 (N.D. Fla. Sept. 3, 2013) (concluding that plaintiff's black eye, bloody lip, scrapes, abrasion, and back pains did not amount to more than a *de minimis* physical injury and were insufficient to meet 1997e(e)'s physical injury requirement). Please see the Declaration of Dr. Timothy Whalen, which is attached hereto as Exhibit 4, and is incorporated herein by reference.

## CONCLUSION

Plaintiff fails to state an excessive use of force claim against Defendants. Defendants are entitled to Qualified Immunity. Plaintiff suffered no constitutionally cognizable injury, and is not entitled to compensatory or punitive damages. Plaintiff is not entitled to a declaratory judgment or any injunctive relief.

Based on the foregoing, Defendants respectfully request that this Court grant their motion for summary judgment.

>Respectfully submitted,
>
>**ASHLEY MOODY**
>**ATTORNEY GENERAL**
>
>/s/ *Damaris E. Reynolds*
>DAMARIS E. REYNOLDS
>Assistant Attorney General
>Florida Bar No. 0037176
>Office of the Attorney General
>The Capitol, PL-01
>Tallahassee, Florida 32399-1050
>(850) 414-3300 - Telephone
>(850) 488-4872 - Facsimile
>Damaris.Reynolds@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed and furnished by U.S. Mail on this 18th day of April, 2019, to: Darrel Wayne Butler, DC #419331 New River Correctional Institution, P.O. Box 900, Raiford, Florida 32083.

>/s/ *Damaris E. Reynolds*
>Damaris E. Reynolds
>Assistant Attorney General
>Fla. Bar. No. 0037176